UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-AR1,<br><br>Plaintiff,<br><br>v.<br><br>DENNIE MORELAND,<br><br>Defendant. | Case No. 14-cv-00523-JSC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

Plaintiff brought this state law unlawful detainer action against Defendant Dennie Moreland in the Superior Court of California for the County of Alameda. Defendant Moreland, representing himself, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. (Dkt. No. 1.) Defendant asserts that the Court has jurisdiction under 28 U.S.C. section 1331 due to Plaintiffs' alleged violations of the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. § 2601. (*Id.* at ¶ 3.)

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined that federal question jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1 at ¶¶ 7-10.) Therefore, this Court does not have federal question jurisdiction. *ING*

*Bank, FSB,* 2012 WL 2077311, at *1. That Defendant's Notice of Removal alleges violations of federal law is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, No. 12-2707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

Accordingly, Defendant is ordered to show cause why this case should not be remanded to the Alameda County Superior Court. In particular, if Defendant believes that this Court has subject matter jurisdiction, he shall file a response in writing by **March 4, 2014**, that demonstrates why this Court has jurisdiction. Defendant is warned that failure to file a response may result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated: February 12, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge